# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADLYN SCOTT, on behalf of D.S., a minor,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:16-cv-00564-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 20, 21) |

Petitioner Roger Drake ("Petitioner"), the attorney for Plaintiff Madlyn Scott,[1] on behalf of D.S., a minor ("Plaintiff"), filed the instant motion for attorney fees on May 7, 2018. (ECF No. 20.) Petitioner requests fees in the amount of $11,692.35 pursuant to 42 U.S.C. § 406(b). Plaintiff has not objected to the request. On May 31, 2018, Defendant Social Security Commissioner filed a response to Petitioner's motion indicating that the Commissioner has no objection to the fee request. (ECF No. 21.)

## I.

## BACKGROUND

Plaintiff filed the instant complaint challenging the denial of social security benefits on April 21, 2016. (ECF No. 1.) On March 22, 2017, the Court filed an order granting in part

---

[1] On April 26, 2016, the Court appointed Madlyn Scott as guardian ad litem for the minor, D.S. (ECF No. 5.)

1

Plaintiff's social security appeal, denying Defendant's motion for summary judgment, and remanding the action for further administrative proceedings. (ECF No. 16.) The Court entered judgment in Plaintiff's favor on March 22, 2017. (ECF No. 17.)

On May 18, 2017, the parties filed a stipulation for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 18.) On May 18, 2017, an order issued awarding Plaintiff EAJA attorney fees in the amount of $4,500.00 and costs in the amount of $400.00. (ECF No. 19.)

On remand, the ALJ found that D.S. was eligible for Supplemental Security Income ("SSI") benefits as of May 2012 based on being disabled, and past-due benefits were awarded in the amount of $46,769.40 for June 2012 through April 2018. (ECF No. 20-1.)

In the instant motion, Petitioner seeks $11,692.35 for 23.6 hours spent working on Plaintiff's case before the Court. (ECF No. 20.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

1    In determining the reasonableness of an award, the district court should consider the
2 character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately,
3 an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.
4 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

5    The Ninth Circuit has identified several factors that a district court can examine under
6 Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met
7 his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the
8 standard of performance of the attorney in representing the claimant; (2) whether the attorney
9 exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation
10 of past-due benefits; and (3) whether the requested fees are excessively large in relation to the
11 benefits achieved when taking into consideration the risk assumed in these cases. Crawford,
12 586 F.3d at 1151.

### III.

### DISCUSSION

15    The Court has conducted an independent check to insure the reasonableness of the
16 requested fees in relation to this action. Gisbrecht, 535 U.S. at 807-808. Here, the fee
17 agreement between Plaintiff and Petitioner provides for a fee consisting of "25% of the backpay
18 awarded upon reversal of any unfavorable ALJ decision for work before the court." (Social
19 Security Representation Agreement, ECF No. 20-2.) Plaintiff has been awarded benefits from
20 June 2012 through April 2018 in the amount of $46,769.40. (ECF Nos. 20-1.) In determining
21 the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

22    There is no indication that a reduction of fees is warranted for substandard performance.
23 Petitioner is an experienced, competent attorney who secured a successful result in this Court
24 for Plaintiff. Although this action does involve six years of backpay, there is no indication that
25 Petitioner was responsible for any substantial delay in the court proceedings. In fact, Petitioner
26 promptly served the summons and did not need any extensions of time in serving the
27 confidential letter brief, filing the opening brief, or filing the reply brief. Plaintiff agreed to a 25
28 percent fee at the outset of the representation for work before the court and Petitioner is seeking

payment of $11,692.35, which is 25 percent of the backpay award. The $11,692.35 award is not excessively large considering the contingent nature of this case and Petitioner's assumption of the risk of going uncompensated. See Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (ECF No. 20-3.) The log demonstrates that Petitioner spent a total of 23.6 hours prosecuting this action in this court. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $495.45 per hour for Petitioner's work. In Crawford, the Ninth Circuit found that a fee of $875 per hour, which was based on the work of both an attorney and a paralegal, was not excessive. Crawford, 586 F.3d at 1145, 1152.

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in this action and the fact that Petitioner's representation of Plaintiff resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Petitioner also submitted a detailed billing statement which supports his request. (ECF No. 20-3.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner received a prior award of EAJA fees of $4,500.00, so the award of fees under Section 406(b) needs to be offset by $4,500.00.

## IV.

## ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,692.35 is GRANTED;
2. Pursuant to Petitioner's request, this amount shall be paid directly to Roger Drake. The Commissioner is to remit to Plaintiff the remainder of any withheld benefits; and

3. Petitioner is ordered to refund to Plaintiff $4,500.00 of the 42 U.S.C. § 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **June 6, 2018**

UNITED STATES MAGISTRATE JUDGE